**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Idelfonso Solorio-Menera,

Petitioner-Defendant,

v.

United States of America,

Respondent-Plaintiff.

Civil No. 04-3191 (DWF)
Criminal No. 01-305(1) (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Idelfonso Solorio-Menera, *Pro Se*, #10116-041, Federal Correctional Institution, Box 1731, Waseca, MN 56093-0741, Petitioner-Defendant.

Nathan P. Petterson, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for Respondent-Plaintiff.

---

## INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner-Defendant Idelfonso Solorio-Menera's ("Petitioner-Defendant") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner-Defendant asserts the Court's sentence violated his Sixth Amendment right to trial by jury, in light of *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). The Government opposes Petitioner-Defendant's motion.

## BACKGROUND

On September 4, 2002, Petitioner-Defendant was sentenced to a 165-month prison term by the Honorable Paul A. Magnuson, pursuant to a plea of guilty to conspiring to distribute and possess with the intent to distribute 500 grams or more of methamphetamine, in violation of

28 U.S.C. § 846. The parties stipulated to a drug quantity of 25 kilograms of a mixture containing methamphetamine. The Government is quite correct that the Court did not need to address Petitioner-Defendant's assertions in his motion under *Blakely* because, as the Government suggests and asserts, the Court is of the view that *Blakely* does not apply retroactively to matters on collateral review.

Petitioner-Defendant, without asserting a basis for his motion, simply states that his sentence was unconstitutional in light of *Blakely*. In *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), the United States Supreme Court held that *Blakely v. Washington* applied to the Federal Sentencing Guidelines, and that the Sixth Amendment's jury trial guarantee prohibited judges from finding facts that exposed a defendant to increased prison time. Thus, the Sixth Amendment is violated by the imposition of an enhanced sentence under the Guidelines based on a judge's determination of fact, other than a prior conviction, that was not found by the jury or admitted by the defendant. *United States v. Booker* reaffirms the holding in *Apprendi* that any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Id.*

In the wake of *Booker*, the Sentencing Reform Act requires a sentencing court to regard the Guidelines range as one of many factors to consider in determining the sentence. Accordingly, the Court is not bound by the Guidelines, but must "consult" them and "take them into account when sentencing." *Booker* at 767.

There are no Sixth Amendment issues implicated in Petitioner-Defendant's case on the record before the Court. Moreover, applying a post-*Booker* analysis to the

Petitioner-Defendant's sentence, whether he is entitled to such a review or not, the Court concludes that the sentence of 168 months imposed on September 4, 2002, is consistent with the factors and directives set forth in 18 U.S.C. § 3553(a). In light of the Court's willingness to subject the sentence to post-*Booker* scrutiny, the propriety of Petitioner-Defendant's motion, pursuant to 28 U.S.C. § 2255 is deemed moot by this Court.[1]

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the sentence and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Idelfonso Solorio-Menera's motion to vacate, set aside or correct his sentence is respectfully **DENIED**.

Dated: February 17, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

---

[1] Although the United States Supreme Court has stated that constitutional rules of criminal procedure should always be applied retroactively to cases on direct review, such rules are generally not retroactively applicable to cases on collateral review. *See Teague v. Lane*, 489 U.S. 28, 312 (1989). Only "watershed" procedural rules, defined as those "without which the likelihood of an accurate conviction is seriously diminished," apply to sentences that have become final after direct appeal. *Id.* at 313.

While it is true that the United States Supreme Court has not yet explicitly addressed whether *Blakely* is a "watershed" procedural rule, the Court did consider a similar issue in *Schrioro v. Summerlin*, 124 S. Ct. 2519 (2004).